(No. 5074. June 20, 1928.)

TED McQUADE, Appellant, v. EDWARD RUTLEDGE TIMBER CO., a Corporation, Respondent.

[268 Pac. 570.]

E. T. Knudson and C. T. McDonald, for Appellant.

Robert H. Elder, for Respondent.

TAYLOR, J.—This is an appeal from judgment for defendant entered on motion for nonsuit. Plaintiff alleged that he furnished supplies and services directly to the defendant. The proof showed that he furnished these services and supplies to one A. L. Clark, engaged in logging; that plaintiff kept an account in which he charged these to Clark; that from time to time bills were rendered to Clark in his name, and orders were drawn by him on the defendant company, some of which were paid; and finally the payment of the amounts involved was refused. On cross-examination two successive contracts between Clark and defendant were introduced, under which, together with the evidence of plaintiff, it was plainly shown that Clark was an independent contractor and not the agent of, and with no authority to bind, the defendant. Objection was made

474

to the introduction of these contracts as "incompetent, irrelevant and immaterial," but no objection was made to their introduction as not proper cross-examination.

It is contended upon certain oral evidence that the company had promised to pay amounts due from Clark. Such agreement, if any, was plainly within subdivision 2 of C. S., sec. 7976, a promise to answer for the debt, default or miscarriage of another, and not within any of the exceptions of C. S., sec. 7977. There was no evidence in writing of any such agreement or note or memorandum thereof, nor was there any pleading or evidence, as contended, upon which the defendant was estopped to deny liability.

At the close of plaintiff's case no inference could properly be drawn from the evidence presenting any question of fact for the jury.

The judgment is affirmed. Costs to respondent.

.Wm. E. Lee, C. J., and T. Bailey Lee, J., concur.